## NEW YORK STATE OPHTHALMOLOGICAL SOCIETY, et al., Appellants

v.

## Otis R. BOWEN, Secretary of H.H.S.

### Nos. 87–5057, 87–5065.

United States Court of Appeals, District of Columbia Circuit.

Dec. 2, 1988.

Rex E. Lee, Washington, D.C., Jack R. Bierig and David F. Graham, Chicago, Ill., were on appellants' suggestion for rehearing en banc.

## ON APPELLANTS' SUGGESTION FOR REHEARING *EN BANC*.

Before WALD, Chief Judge, ROBINSON, MIKVA, EDWARDS, RUTH BADER GINSBURG, STARR, SILBERMAN, BUCKLEY, WILLIAMS,

D.H. GINSBURG and SENTELLE, Circuit Judges.

## ORDER

Appellants' Suggestion for Rehearing En Banc has been circulated to the full court. No member of the Court requested the taking of a vote thereon. Upon consideration of the foregoing it is

ORDERED, by the Court en banc, that the suggestion is denied.

ROBINSON, Circuit Judge, did not participate in the foregoing order.

WILLIAMS, Circuit Judge, filed the attached statement concurring in the denial of rehearing en banc.

STEPHEN F. WILLIAMS, Circuit Judge, concurring in the denial of rehearing en banc.

Appellants have suggested rehearing en banc, objecting to the panel majority's statement that a privacy claim—framed by the panel as a facial attack on the statutory approval requirement *per se*, Maj. Op. 854 F.2d at 1386—cannot prevail because the appellants failed to make a "definite showing of medical necessity," *id.* at 1391. As I read the Suggestion of Appellants for Rehearing en banc, however, it confirms my prior understanding that they have made no facial attack; they never objected to the approval requirement per se, detached from the actual prospect of losing access to a second surgeon. Compare Suggestion of Appellants at 7 n. 8 with Concurring Op. at 1394–95. The seriousness of that prospect was unclear enough to lead both the majority and me to conclude that the case was not ripe. Accordingly, I do not believe that the case represents a holding of any kind on the legal issue that ultimately concerns appellants: the scope of any constitutional limits on the federal government's power to substantively obstruct patients' access to medical services that they reasonably deem valuable. Taking this view of the case, I have not called for a court vote on appellants' suggestion.